UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNION INDIVIDUAL ACCOUNT**
**RETIREMENT FUND,**
          Plaintiffs,

  v.                                        Case No. 08C0864

**SUPERIOR PLUMBING & PIPING, INC.,**
          Defendant.

## ORDER

On October 14, 2008, plaintiffs – Union Individual Account Retirement Fund, Brent Emons, Heat & Frost Insulators Local 19 & 127 Health Fund, and Brett Large – brought this action against defendant Superior Plumbing & Piping, Inc., for violations of the Employee Retirement Income Security Act of 1974 (ERISA). Defendant failed to appear and file a responsive pleading. On February 18, 2009, plaintiff filed a motion for entry of default and an application for default judgment, and sent such filings to defendant. On February 18, 2009, the clerk of court entered default against defendant in accordance with Fed. R. Civ. P. 55(a).

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir.1983). Thus, the following relevant allegations relating to liability are taken as true: the plaintiffs are employee benefit funds within the meaning of ERISA or fiduciaries of such funds. Defendant is an employer within the meaning of ERISA. Defendant agreed to abide by the terms of a collective bargaining agreement ("CBA"). Defendant failed to abide by the terms of the CBA by failing to make continuing

and prompt payments to the plaintiff funds and failing to accurately report employee work status to the funds as required by the CBA. These allegations, now taken as true, sufficiently establish a violation of ERISA § 515, which requires employers to contribute to multi-employer employee benefit plans under a CBA according to the terms of such agreement. See 29 U.S.C. § 1145.

Thus, I turn to damages. "Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." Dundee, 722 F.2d at 1323. A court examining a motion for default judgment should hold a hearing as to damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id.

ERISA provides that in any action to enforce § 515 in which the court awards judgment in favor of the plan, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of-

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under Subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g). Plaintiffs have provided detailed affidavits and documentary evidence showing that for the period from November 1, 2005 through December 31, 2007, defendant was delinquent in making contributions to the plaintiffs in the amount of $12,246.09, including interest and liquidated damages. Plaintiffs have also provided sufficient evidence that they are owed attorney fees in the amount of $165.00 and costs in the amount of $734.24. As such, plaintiffs have proven that they are entitled to damages in the amount of $13,145.33.

**Therefore,**

**IT IS ORDERED** that plaintiffs' application for entry of default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered against defendant Superior Plumbing & Piping, Inc., and in favor of plaintiffs Union Individual Account Retirement Fund, Brent Emons, Heat & Frost Insulators Local 19 & 127 Health Fund and Brett Large, in the amount of $13,145.33 to date, along with interest thereon at the rate provided by law.

Dated at Milwaukee, Wisconsin this 2 day of June, 2009.

/s
LYNN ADELMAN
District Judge